IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHK MANAGEMENT, INC.,<br>220 W. Germantown Pike<br>Plymouth Meeting, PA 19462<br>                            *Plaintiff,*<br><br>      v.<br><br>FURNISHED QUARTERS, LLC,<br>158 W. 27th Street<br>New York, NY 10001<br>                            *Defendants.* | CIVIL ACTION<br><br>NO. _____<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT

COMES NOW, the plaintiff, SHK Management, Inc., ("SHK") by and through its undersigned counsel, and for its complaint against defendant, Furnished Quarters, LLC ("FQ"), alleges as follows:

### THE PARTIES

1. SHK is a Pennsylvania corporation with a place of business at 220 West Germantown Pike, Plymouth Meeting, Pennsylvania 19462.

2. On information and belief defendant, FQ is a New York limited liability company with a place of business at 158 West 27th Street, New York, New York 10001.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332, and 1338. The Court has jurisdiction over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

4. Venue is proper in this jurisdiction district pursuant to 28 U.S.C. § 1391(b) because the harm caused by defendant has been suffered in this district.

## FACTUAL BACKGROUND

5. Since at least 1998, SHK has used the trademark LIVE BETTER to identify and distinguish its real estate property management services. SHK offers rental services under this mark as well. See www.kormancommunities.com. An excerpt from this website is attached hereto as Exhibit A.

6. SHK is the owner of U.S. Trademark Registration No. 2,327,900 for the mark LIVE BETTER for "real estate property management services." This registration was issued on March 14, 2000, and has attained incontestable status. It remains in full force and effect. A copy of this registration is attached hereto as Exhibit B.

7. As a result of SHK's efforts, the LIVE BETTER mark has become well and favorably known to the public as a distinctive indication of origin for rental and management of furnished and unfurnished living quarters.

8. The LIVE BETTER trademark is inherently distinctive and represents the exceedingly valuable good will of SHK's LIVE BETTER services.

9. The LIVE BETTER brand is well-known and famous.

10. The relevant public has come to rely upon and recognize LIVE BETTER real estate management and rental services and the substantial goodwill associated with them.

11. On information and belief, in or about 2012 or early 2013, FQ added the tagline "LIVE BETTER" to its website, advertising FQ's rental of furnished living quarters. An example of this usage is depicted in Exhibit C. See www.furnishedqurters.com.

12. Defendant's LIVE BETTER tagline is identical to SHK's LIVE BETTER mark in

sound, appearance, and meaning. The marks create the same commercial impression and are confusingly similar.

13. Defendant's use of LIVE BETTER is without SHK's authorization.

14. SHK provided services under the LIVE BETTER mark long prior to defendant's adoption of LIVE BETTER.

15. On February 27, 2013, in an effort to resolve this conflict, SHK contacted the defendant. Despite the subsequent exchange of correspondence, defendant was and is unwilling to stop using LIVE BETTER as a trademark for apartment rental services.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

16. SHK repeats and realleges each and every averment of paragraphs 1 through 15 as though fully set forth herein.

17. SHK is the owner of the federally registered and incontestable LIVE BETTER trademark and is the prior user of LIVE BETTER in connection with real estate rental and management services.

18. The federally registered LIVE BETTER trademark identifies the source of SHK's products and services.

19. Defendant has used the LIVE BETTER name in interstate commerce in connection with rental services.

20. Defendant's unlawful acts constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

21. Defendant's knowing and unauthorized use of the confusingly similar LIVE BETTER name is likely to cause confusion or to cause mistake or to deceive the purchasing public and constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1051

through 1137, specifically § 32(a) of the Lanham Act, 15 U.S.C. § 1114.

22. As a direct consequence of Defendant's unlawful acts and conduct, SHK has suffered and will continue to suffer damage to its business, reputation and goodwill for which SHK is entitled to relief.

23. By reason of Defendant's unlawful acts and practices, Defendant has caused, is causing and, unless such acts are enjoined by the Court, will continue to cause irreparable harm to SHK for which there is no adequate remedy at law, and for which SHK is entitled to injunctive relief.

## COUNT II
## FEDERAL UNFAIR COMPETITION

24. SHK repeats and realleges each and every averment of paragraphs 1 through 23 as though fully set forth herein.

25. As a result of longstanding and extensive use and wide recognition, SHK's LIVE BETTER trademark has become distinctive as an indication of source.

26. Defendant has knowingly and willfully used the LIVE BETTER name in commerce, a name that is confusingly similar to SHK's LIVE BETTER trademark, and Defendant appears likely to continue and increase that use in the future.

27. Defendant's use of the LIVE BETTER name in connection with apartment rental services is likely to cause confusion or to cause mistake or to deceive as to affiliation, connection or association and constitutes false designation of origin within the meaning of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28. The aforesaid acts constitute federal unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. As a direct consequence of Defendant's unlawful acts and practices, SHK has suffered, will continue to suffer and/or is likely to suffer damage to its business reputation and goodwill, for which SHK is entitled to relief.

30. By reason of Defendant's unlawful acts and practices, Defendant has caused, is causing and, unless such acts are enjoined by the Court, will continue to cause irreparable harm to SHK for which there is no adequate remedy at law and for which SHK is entitled to injunctive relief.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

31. SHK repeats and realleges each and every averment of paragraphs 1 through 30 as though fully set forth herein.

32. Consumers are likely to be confused by the similarity of Defendant's use of the LIVE BETTER mark for apartment rental services and SHK's use of LIVE BETTER for apartment rental services.

33. Consumers are likely to believe that Defendant's LIVE BETTER services are offered by, related to, endorsed by, and/or sponsored by SHK, due to Plaintiff's prior use of LIVE BETTER for substantially identical services.

34. Defendant's aforesaid acts constitute trademark infringement under the common law of Pennsylvania.

35. By reason of Defendant's unlawful acts and practices, Defendant has caused, is causing and, unless such acts are enjoined by the Court, will continue to cause irreparable harm to SHK for which there is no adequate remedy at law and for which SHK is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, SHK requests the following relief:

a. That Defendant, its officers, directors, shareholders, principals, agents, servants, employees, attorneys and related companies, and all persons in active concert or participation with one or more of them, be preliminarily and permanently enjoined and restrained from using the LIVE BETTER name and any mark/name that is confusingly similar to LIVE BETTER.

b. That this Court award SHK damages adequate to compensate SHK for Defendant's acts of trademark infringement and unfair competition.

c. That SHK be awarded its actual damages and lost profits in an amount to be proven at trial.

d. That Defendant be required to account for any profits attributable to its infringing acts.

e. That SHK be awarded the greater of three times Defendant's profits or three times any damages sustained by SHK and prejudgment interest.

f. That punitive damages be awarded to SHK.

g. That all signs, advertisements, and web site content in Defendant's possession, custody or control bearing the LIVE BETTER name or any confusingly similar word, term, name, symbol, device or combination thereof that is found in violation of the Lanham Act or any reproduction, counterfeit, copy or simulation thereof shall be delivered up by Defendant and destroyed or sufficiently altered to remove all reference to the LIVE BETTER name.

h. That Defendant be required to pay Plaintiff's costs of this action together with reasonable attorneys' fees and disbursements.

i. That Defendant be required to pay for corrective advertising.

j. That SHK be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff SHK Management, Inc., hereby demands a trial by jury on all issues so triable.

        PANITCH SCHWARZE BELISARIO & NADEL, LLP

        By: /s/ Frederick A. Tecce
          Frederick A. Tecce (PA Bar No: 47,298)
           Laura A. Genovese (PA Bar No: 57,477)
           One Commerce Square
           2005 Market Street, Suite 2200
           Philadelphia, PA 19103
           Telephone: (215) 965-1300
           Facsimile: (215) 965-1331
           Email: ftecce@panitchlaw.com
           Email: lgenovese@panitchlaw.com

        *Attorneys for Plaintiff, SHK Management, Inc.*